ARTHUR N. SAGER, Respondent. v. ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, April 6, 1915, and May 18, 1915.

1. **RAILROADS: Fires: Destruction of Personal Property: Sufficiency of Evidence.** In an action against a railroad company for the value of personal property destroyed by fire while on its right of way, where it was shown that defendant had driven piles for a trestle that were impregnated with creosote, leaving the upper ends, which had been battered into fragments, exposed, that these ends afforded a lodging place for sparks from passing engines and were highly inflammable, that a fire was discovered in the pile heads, immediately after a freight train had passed, and that fires had frequently been started about that place by sparks from passing engines, *held* that the evidence was sufficient to warrant a finding that defendant was negligent in leaving the ends of the piles in a "burred" condition without taking precautions to guard against fire.

2. ————: ————: ————: ————: **Presumptive Negligence: Burden of Proof.** In an action against a railroad company for the destruction by fire of property adjacent to its right of way, a

prima-facie case is made at common law if it is shown that the fire originated from sparks thrown from an engine operated by the railroad company, casting upon it the burden of repelling the presumption of negligence thereby raised.

3. **FOREIGN LAWS: Common Law of Other States: Method of Determining.** In an action in this State for a tort committed in another State, the courts will, in the absence of pleading and proof of the law of such other State, follow their own precedents in applying the principles of the common law.

4. **RAILROADS: Fires: Destruction of Personal Property: Pleading: Defenses Available Under General Denial.** In an action against a railroad company for the value of machinery destroyed by fire while on its right of way in the custody of a subcontractor engaged in work on the railroad, the defense that defendant was exempted from liability by the terms of its contract with the general contractor was an affirmative defense and hence was not available under a general denial.

### On Motion for Rehearing.

5. ————: ————: ————: **Contracts Limiting Liability: Parties Bound.** A contract between a railroad company and the general contractor for doing certain work, providing that the general contractor would hold the railroad company harmless from any liability to a subcontractor while men and machinery were being carried free of charge, did not relieve the railroad company from liability for the destruction by fire of plaintiff's machinery, which had been used by the subcontractor in performing the work and was then on the right of way in his possession awaiting shipment, for the reason that the contract contemplated loss only while property was actually en route over some line of railroad, and for the further reason that, while the general contractor agreed with the subcontractor that free transportation for men and machinery would be furnished, neither plaintiff nor the subcontractor agreed to relieve the railroad company from liability.

Appeal from St. Louis City Circuit Court.—*Hon. Thomas C. Hennings,* Judge.

AFFIRMED.

*Watts, Gentry & Lee* for appellant; *J. G. Drennan* of counsel.

(1) The court erred in overruling the demurrer to the evidence. Three grounds of negligence were

charged: First, leaving the piles in question in their "burred" condition. Second, negligently operating the engine, so as to set fire to the piles and trestle. Third, negligently failing to extinguish the fire. The first allegation fails of proof because the evidence does not show that the fire originated in one of the "burred" piles. The nearest plaintiff came to sustaining that allegation was by the testimony of the watchman who says he was a half mile away from the trestle when he saw smoke coming from it. When he got close enough to see just where the fire was, it was then in the pile heads that had been driven by defendant. Plaintiff, having failed to prove that the "burred" condition of the piles caused the sparks to set fire to the trestle, failed to show any causal connection between negligently leaving the "burred" piles there and the destruction of his property. This was a fatal omission, for the connection must be shown. Goransson v. Ritter, Etc. Co., 186 Mo. 300. Plaintiff also failed to prove his other two charges of negligence. There was no evidence whatever tending to show any negligent operation of the engine. In Missouri we have a statute, under the terms of which it is sufficient to show that a train passed by and that sparks therefrom ignited property. The negligence of the railroad operating the engine is thereby established, but this cause of action arose in the State of Tennessee and this court cannot presume that Tennessee had any such statute as that referred to. Hence it was necessary to show that there was some negligence in the operation or equipment of the engine. Absent pleading and proof of Tennessee law, this court will presume the common law prevails in Tennessee. Ginnochio v. I. C. R. Co., 155 Mo. App. 163, 168. There was no evidence tending to show that the train crew of the freight train which had passed just before the fire, or any other employee of the defendant, negligently failed to extinguish the fire. (2) The court erred in excluding evidence of-

fered by defendant. Both the plaintiff and his father testified to facts which showed familiarity with the contents of the contract which was offered in evidence by the defendant and excluded by the court. Appellant complains that the court erred in excluding this contract, which will be more specifically referred to in the argument. (3) The instruction given in behalf of plaintiff was erroneous in that it permitted the jury to find that the fire started in one or more of the piles referred to when there was no evidence that it did start at such place.

*F. J. McMaster* and *H. E. Sprague* for respondent; *T. E. Francis* and *G. H. Mohler* of counsel.

(1) (a) Appellant's contention, under point 1, that there was no evidence to sustain the finding that the fire originated in one of the "burred" piles is not borne out by the evidence. (b) The contention that there was no showing of negligence in the operation of the engine, or with reference to its equipment, is untenable, for the reason that this assignment of negligence was not submitted to the jury in the instruction given at plaintiff's request, and it was sufficient for a recovery to show, and the jury to find, that the defendant was negligent in permitting the "burred" head of the piling to be exposed. Railroad v. Unaka Springs Lumber Co. (Tenn.), 170 S. W. 593; Greer, Adm'r v. Railroad, 173 Mo. App. 276; Palmer v. Railroad, 76 Mo. 217. In any event, it was sufficient at common law, in making a prima-facie case, for the plaintiff to show that the fire emanated from one of defendant's locomotives. Kenney v. Railroad, 70 Mo. 243. (c) The contention that there was a failure of proof of the allegation that the defendant negligently failed to extinguish the fire is likewise untenable, as that assignment of negligence was not submitted to the jury in the instructions given. (2) Appellant's contention, under its point 2, that the

court erred in excluding the contract offered by defendant is untenable, even if plaintiff had been familiar with its contents, for the following reasons: First, the terms of the contract were not pleaded in the answer or relied upon as a defense. The answer was a general denial and the contract being a matter of affirmative defense was not admissible. Libby v. Railroad, 137 Mo. App. 289, 290; Dean v. Railroad, 148 Mo. App. 428; Deierling v. Railroad, 146 S. W. 814; McNealy v. Railroad, 119 Mo. App. 200. Second, there was no privity of contract between the plaintiff and the railroad company, and even if plaintiff had been acquainted with its terms, he could not be bound by them. Third, there is nothing in the contract, and particularly paragraph 20, upon which defendant relies, which absolves the railroad company from the consequences of its negligent acts, under the circumstances of the case. By the terms of this paragraph, the company is exempted from liability on account of damages to persons or property, only, "if and while said persons or property are being carried free of charge on or over the lines of railroad of the railroad company, or any other lines of railroad, under the contract." Fourth, the provision purporting to exempt the company from liability, if extended as attempted to the situation of the parties and property as disclosed by the evidence, is void and unenforceable because contrary to public policy. Railroad v. Southern R'y News Co., 151 Mo. 373; Railroad v. Ordelheide, 172 Mo. 436; Dean v. Railroad, 38 Mo. App. 438. (3) Appellant's contention, under its point 3, that the court erred in giving an instruction at plaintiff's request that permitted the jury to find that the fire started in one or more of the piles referred to in evidence is untenable, for the reason stated under our point 1 (a).

ALLEN, J.—This is an action to recover damages for the destruction by fire of certain personal property

belonging to plaintiff, alleged to have been caused by defendant's negligence. There was a verdict and judgment below for .plaintiff and the case is here upon defendant's appeal.

Plaintiff's property, which was in the possession of his father, consisted of machinery and equipment for doing certain railroad construction work; and at the time of its destruction it was lying near defendant's tracks at a point in the State of Tennessee where defendant was constructing an additional track, involving th construction of a trestle over certain low lands. Defendant had contracted with one Scribner for the doing of some of this work, including the construction of this trestle, and Scribner sublet to plaintiff's father the work of constructing the trestle. It appears that the latter work had been completed, and that the property destroyed was lying near and perhaps partly upon one end of the newly-constructed trestle at the time of the fire, having been placed there for the purpose of being loaded upon cars to be transported elsewhere.

The petition alleges that at or about this end of the trestle, and near plaintiff's property, defendant had driven certain piles impregnated with creosote, leaving exposed the upper ends thereof which had been battered into fragments; that these battered or "burred" ends of such piles afforded a ready lodging place for sparks or burning embers from passing engines, and by reason of being impregnated with creosote were of a highly inflammable character; and that defendant negligently permitted these piles to remain in this condition without taking precaution to guard against the danger of fire being thus set out. It is charged that upon the occasion in question defendant so negligently operated an engine along the adjacent track as to set fire to said piles and trestle, which fire was communicated to plaintiff's property. It is further charged that defendant's agents and employees were

190MA34

Sager v. Railroad.

negligent in failing to promptly extinguish the fire af-
ter it was discovered.

The answer is a general denial.

The evidence tends to show that it was customary
to saw off the ends of piles which had become thus
"burred," but that those here in question were suf-
fered to remain for a time with the battered ends ex-
posed. Upon the morning in question the fire was
discovered by a servant of defendant who saw the
smoke thereof when at the farther end of the trestle
mentioned. This witness testified that the fire "was
in those pile heads that had been driven." When asked
what was the condition of the head of the particular
pile that was on fire, he answered: "It had been bat-
tered and was pulpy and was broom-like." He fur-
ther testified that he discovered the fire immediately
after a freight train had passed, and which was "just
out of sight."

Error is assigned to the overruling of defendant's
demurrer to the evidence. It is said the evidence failed
to show that the fire originated in one of the "burred"
piles. But this contention is without merit for the
reason that the testimony to which we have referred
above was clearly sufficient as to this. It is not dis-
puted that the battered and pulpy head of one of these
piles, impregnated with creosote, was highly inflam-
mable. The evidence showed that at and about this
place fires had frequently been started by sparks from
passing engines, and it was for the jury to say whether
or not defendant was negligent in leaving the ends of
the piles in this condition without taking precautions
to guard against the danger in question.

Appellant further contends that there was no evi-
dence tending to show any negligent operation of the
engine. This was unnecessary, under the circum-
stances, in order to make out a prima-facie case for
plaintiff, since there was evidence tending to sustain
the first charge of negligence in the petition; and the

alleged negligent operation of the engine was not sub-mitted to the jury as a predicate of liability.   How-ever, the proof was sufficient, prima facie, to show that the fire originated from a spark thrown out by a pass-ing engine; and even prior to the enactment of section 3151, Revised Statutes 1909 (see Laws 1887, p. 101), our courts held that at common law a prima-facie case was made where the proof showed that a fire originated from sparks thrown from a railroad locomotive, casting upon the railroad company the burden of repelling the presumption of negligence thereby raised.   [See Ken-ney v. Railroad, 70 Mo. 243.]   Appellant concedes that ''absent pleading and proof of Tennessee law, this court will presume the common law prevails in Ten-nessee.''   And our courts follow their own precedents in applying the principles of the common law under such circumstances.

It is true that the negligence averred in respect to the failure of defendant's agents and servants to extinguish the fire is not supported by the evidence, but for the reasons stated above, the trial court did not err in overruling the demurrer to the evidence.

A further assignment of error pertains to the ac-tion of the trial court in excluding the contract be-tween defendant and the general contractor, which de-fendant sought to introduce in evidence upon the theory that a clause therein operated to relieve it from lia-bility to plaintiff in the premises.   But plaintiff was not a party to this contract, and it does not appear that he became bound by the clause in question.   Further-more, this defense was not available to defendant un-der its general denial.   [See Libby v. Railroad, 137 Mo. App. l. c. 289, 290, 117 S. W. 659.]   Respondent further contends that the contract before us in the record does not operate to relieve defendant from lia-bility, even to the general contractor, for a loss sus-tained under such circumstances as these.   But as the

contract was here clearly inadmissible this question need not be discussed.

Complaint is made of plaintiff's only instruction in that it permitted the jury to find that "a fire started in one or more of said piles." But it is altogether clear that this could not be reversible error, if error at all.

No question is raised as to the amount of the recovery. The judgment should be affirmed, and it is so ordered. *Reynolds, P. J.*, and *Nortoni, J.*, concur.

## ON MOTION FOR REHEARING.

ALLEN, J.—Appellant in its motion for rehearing complains of our ruling to the effect that the trial court did not err in excluding from evidence the contract between the appellant railroad company and Scribner, the general contractor. Appellant's argument is that, though neither respondent nor his father, the subcontractor who had the custody and control of respondent's property, was named as a party to the contract, nevertheless it was a contract made for the subcontractor's benefit in that it gave free transportation for his men and machinery; that the subcontractor accepted the benefits thereof, and that he and respondent must be bound by its obligations.

The question of the admissibility of this contract we think is sufficiently disposed of by what we said in the course of the opinion, particularly since the defense thus sought to be interposed is an affirmative one, not available to appellant under its general denial. However, it may be further said that an examination of the written contract reveals that the paragraph herein relied upon merely provides that the general contractor will hold appellant harmless from liability for damage to property of the contractor or subcontractor, their agents and employees, and for death or injury to the contractor, subcontractor, their agents and em-

ployees, "if and while said persons or property are being carried, free of charge, on or over any of the lines of railroad of the railroad company." It appears that the property destroyed was not actually "being carried" on or over defendant's line of road. It had been used in the construction work aforesaid, and had been collected at the point where destroyed for convenience in loading it upon cars, but the carriage had not in fact begun, and the contract appears to contemplate only loss of damage while property is actually en route over appellant's, or some other, line of railroad.

Furthermore, it does not appear that respondent or his father may be held to be bound by this clause as was the contractor. The contract between plaintiff's father and the general contractor was not in evidence; and the former testified that he knew nothing about the latter's arrangements with the company respecting the transportation, though the general contractor agreed with him that free transportation for machinery and men would be furnished. The contract between appellant and the general contractor provides that the latter will hold the former harmless from any liability to a subcontractor while machinery and men are being carried free of charge. It may be that the appellant would have recourse against the general contractor (a matter with which we are not concerned), but it does not appear that this plaintiff, either directly or through the instrumentality of his agent, agreed to relieve appellant from liability for such a casualty as that for which the suit proceeds.

The motion for rehearing is overruled.